**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1: 25-cv-26037-GAYLES**

**YANSIER NODARSE PEREIRA,**

     **Petitioner**,

**v.**

**PAMELA BONDI, Attorney General of**
**the United States, et al.,**

     **Respondents.**

_____/

**<u>ORDER</u>**

**THIS CAUSE** comes before the Court on Petitioner Yansier Nodarse Pereira's Petition

for Writ of Habeas Corpus (the "Petition") against Respondents Pamela Bondi, Attorney General

of the United States; Kristi Noem, Secretary of the United States Department of Homeland

Security; Warden of the Krome North Service Processing Center; and Kelei Walker, the Field

Office Director of the Miami Office of Immigration and Customs Enforcement (together,

"Respondents"). [ECF No. 1]. Petitioner challenges his detention at the Krome North Service

Processing Center without being afforded an individualized bond determination. *See generally id*.

Respondents filed a Response in Opposition to the Petition [ECF No. 8], to which Petitioner filed

a Reply [ECF No. 9]. The Court has considered the record, the parties' written submissions, and

applicable law. For the following reasons, the Petition is **GRANTED IN PART**.

**I.     BACKGROUND**

     **A.     Petitioner's Immigration History in the United States**

On February 20, 2022, Petitioner, a Cuban national, entered the United States without

inspection and was apprehended by Customs and Border Protection ("CBP") upon his entry at the

southern border. [ECF No. 1, Petition, ¶¶ 1, 19–20]; [ECF No. 8, Resp. in Opp. at 2]. CBP determined that Petitioner was illegally in the United States and transferred him into Immigration and Customs Enforcement ("ICE") custody at Eloy Detention Center. [ECF No. 8, Resp. in Opp. at 2]; [ECF No. 8–2, Notice of Custody Determination].

On February 24, 2022, the United States Department of Homeland Security ("DHS") issued a Notice to Appear (the "Notice") and initiated removal proceedings against Petitioner under Section 240 of the Immigration and Nationality Act ("INA"). [ECF No. 1–7, Notice to Appear, at 1]. The Notice alleges that Petitioner "arrived in the United States at or near San Luis, AZ, on or about February 20, 2022," and that Petitioner was "not admitted or paroled after inspection by an Immigration Officer." *Id.* Petitioner was ordered to appear before an immigration judge in Miami, Florida, . . . to show why [he] should not be removed from the United States." *Id.*

On February 26, 2022, DHS made a custody determination, [ECF No. 8–4, Notice of Custody Determination], and released Petitioner from ICE custody on bond on March 3, 2022. [ECF No. 1–8, Notice to EOIR]. Following his release, Petitioner complied with all release conditions imposed by DHS and appeared for all required immigration proceedings. [ECF No. 1, Petition, ¶ 23]. On May 25, 2023, Petitioner submitted a parole request to ICE, which was denied. [ECF No. 8, Resp. in Opp. at 3].

On November 5, 2025, Petitioner appeared for his initial Master Calendar Hearing with the Miami Immigration Court. [ECF No. 1, Petition, ¶¶ 28–29]. At the hearing, he admitted the allegations and conceded to the charge of removability. [ECF No. 8, Resp. in Opp. at 3]. The court then scheduled Petitioner for an individual merits hearing on November 3, 2028. [ECF No. 1, Petition, ¶¶ 28–29].

On November 21, 2025, Border Patrol agents encountered Petitioner in or around Key Largo, Florida. [ECF No. 8, Resp. in Opp. at 3]. They conducted a brief interview and determined that Petitioner previously entered the United States illegally. *Id.* Petitioner was then taken into ICE custody. *Id.*; [ECF No. 1, Petition, ¶¶ 2, 30]. At the time, Petitioner had complied with all of his release conditions and had not failed to appear before the Immigration Court. *Id.* ¶ 32. Still, ICE has kept Petitioner in detention without bond since then. *Id.* ¶ 34.

On December 15, 2025, Petitioner appeared for a bond and custody redetermination hearing before an immigration judge at the Miami Krome Immigration Court. [ECF No. 1–10, Order of the Immigration Judge dated Dec. 15, 2025]. The Immigration Court denied Petitioner's request, finding that it lacked jurisdiction to consider bond because of the Board of Immigration Appeals' (the "BIA") decision in *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025). *Id.* As a result, Petitioner has been denied any meaningful opportunity for an individualized bond hearing on the merits. [ECF No. 1, Petition, ¶ 41].

To date, Petitioner remains in ICE custody at the Krome North Service Processing Center. [ECF No. 1, Petition, ¶¶ 14, 39]; [ECF No. 8, Resp. in Opp. at 3]. Petitioner is married to a lawful permanent resident and has a pending family-based immigration visa petition, filed by his spouse. [ECF No. 1, Petition, ¶ 19]; [ECF No. 1-6, Receipt of I-130 Petition for Alien Relative and Certificate of Marriage]. Within a year of his entry into the United States, Petitioner filed for asylum, withholding of removal, and protection under the Convention Against Torture. [ECF No. 1, Petition, ¶ 24]. Petitioner has work authorization, [ECF No. 1–9, Approval Notice of I-765 Application for Employment Authorization], and has been steadily employed. [ECF No. 1–9, Employment Letter]. He has no criminal history and has never been arrested or charged with a crime in the United States. [ECF No. 1, Petition, ¶¶ 19, 26].

### B.      Petitioner's Habeas Petition

On December 22, 2025, Petitioner filed his Petition for Writ of Habeas Corpus. [ECF No. 1]. Petitioner alleges two counts: violation of Due Process under the Fifth Amendment (Count I), and violation of 8 U.S.C. § 1226(a) and Implementing Regulations (Count II). *Id.* ¶¶ 65–87. Petitioner asks this Court to grant his Petition for Writ of Habeas Corpus or to order that he be provided an individualized bond hearing under 8 U.S.C. § 1226(a). *Id.* at 14. On January 12, 2026, Respondents filed a Response in Opposition to the Petition, arguing that Petitioner is not entitled to an individualized bond hearing because Petitioner is detained under 8 U.S.C. § 1225(b)(2), not § 1226(a). [ECF No. 8, at 4–10]. On January 13, 2026, the Petitioner filed a Reply in Support of his Petition. [ECF No. 9].

## II.      LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a).  "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). This Court has jurisdiction over challenges involving immigration detention as to whether Petitioner is detained subject to § 1225(b)(2) or § 1226(a). *See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (holding the Court has jurisdiction to decide whether petitioner is subject to § 1226(a) or § 1225(b)(2)); *Nguyen v. Parra*, No. 25-CV-25325-JB, 2025 WL 3451649, at *2 (S.D. Fla. Dec. 1, 2025) (same).

## III.      ANALYSIS

The core disagreement between Petitioner and Respondents is whether Petitioner is detained under § 1225(b)(2), and is thus ineligible for bond, or § 1226(a), which allows for release on bond. Section 1225(b) governs the inspection of applicants for admission, which is defined in

4

§ 1225(a)(1) as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225. Detention for applicants for admission under § 1225(b)(2) is mandatory and, as such, an applicant for admission is ineligible for bond. *See, e.g., Nguyen*, 2025 WL 3451649, at *3 (citing *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025)).

In contrast to applicants seeking admission into the United States, "[§ 1226(a)] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings. . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) states that a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and may be released on bond. 8 U.S.C. § 1226(a)(2). Thus, this statute "establishes a discretionary detention framework," *Gomes,* 2025 WL 1869299, at *2, unlike the mandatory detention framework of § 1225(b)(2). Importantly, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

On July 8, 2025, the DHS issued a notice to all ICE employees, indicating that any noncitizen in the United States who has not been formally admitted or paroled shall be considered an applicant for admission and shall be subject to § 1225(b)(2). *See, e.g., Merino, 2025 WL 2941609, at *3* (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025)). Following this interpretation, the BIA held in *Yajure Hurtado* that an immigration judge had no authority to provide a bond hearing to a noncitizen, who had been living in the United States for years without admission or parole, because he is an applicant for admission under § 1225(b)(2), subject to mandatory detention. 29 I&N Dec. 216 (BIA 2025).

5

District Courts have overwhelmingly rejected the BIA's interpretation. "DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."[1] *Merino,* 2025 WL 2941609, at *3 (citing cases); *see also Puga*, 2025 WL 2938369, at *2 ("As explained, the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so. Additionally, numerous courts that have examined the interpretation of section 1225 articulated by Respondents — particularly following the BIA's decision in *Matter of Yajure Hurtado* — have rejected their construction and adopted Petitioner's."); *Nguyen*, 2025 WL 3451649, at *3; *Ardon-Quiroz,* 2025 WL 3451645, at *7.

The Court agrees that the plain reading of the statute supports a finding that Petitioner, who has been living in the United States since 2022, is governed by § 1226(a) and not § 1252(b)(2). Petitioner is therefore entitled to a bond hearing under § 1226(a), and Count I is granted in part. The Court declines to reach the merits of Petitioner's due process claim in Count II, as the Court is granting in part the relief requested for Count I. *See, e.g.*, *Nguyen*, 2025 WL 3451649, at *4 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in other counts but allowing the petitioner to reassert its due process claim if the respondents do not provide a bond hearing); *Puga*, 2025 WL 2938369, at *6 (same). If Respondents do not comply with this Order by providing Petitioner a bond hearing under § 1226(a), Petitioner may

---

[1] The Court acknowledges the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 U.S. App. LEXIS 3899 (5th Cir. Feb. 6, 2026), which agreed with the government's position here. But that decision "distort[s] the statutory text, abstract[s] it from its context and history, ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme, and wave[s] away the [government's] previous failure to detain millions of noncitizens as if it were a rounding error." *Id.* at *28 (Douglas, J., dissenting). Indeed, the Fifth Circuit's decision "is not binding here, and it contradicts the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 U.S. Dist. LEXIS 45140, at *2 n.1 (M.D. Fla. Mar. 5, 2026).

6

renew his due process claim. Since Count II "is an unripe claim contingent on Petitioner not receiving a custody determination hearing under section 1226(a), 'the Court must dismiss it without prejudice[.]'" *Nguyen*, 2025 WL 3451649, at \*4 (citing *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at \*1 (M.D. Fla. Aug. 27, 2020)).

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)    Petitioner Yansier Nodarse Pereira's Petition for Writ of Habeas Corpus, [ECF No. 1], is **GRANTED IN PART**. The Court finds that Petitioner falls under 8 U.S.C. § 1226(a).

(2)    Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **March 27, 2026**, or otherwise release Petitioner.

(3)    Count II of the Petition is **DISMISSED WITHOUT PREJUDICE**.

(4)     This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of March, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE